Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0835 | **DATE** | March 1, 2011 |
| **CASE TITLE** | U.S. ex rel. Luis Trevino (#R-62319) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

The respondent is ordered to answer the petition or otherwise plead within thirty-five days of the date of this order. On the Court's own motion Lisa Madigan, Attorney General of the State of Illinois is dismissed as a party.

■ [**For further details see text below.**]   **Docketing to mail notices.**

### STATEMENT

    Luis Trevino, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through counsel. The petitioner challenges his 2007, Cook County, Illinois, convictions for first degree murder and armed robbery. (Cook County Criminal Court No. 01 CR 15065).

    The petitioner has paid the statutory filing fee.

    The petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner. Accordingly, the respondent is ordered to answer the petition or otherwise plead within thirty-five days of the date this order is entered on the Clerk's docket.

    The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

**(CONTINUED)**

AWL

**STATEMENT (continued)**

Finally, on the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper party.